UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| JON DAVIDSON, <br><br> Plaintiff, <br><br> V. <br><br> DUKE UNIVERSITY, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Jon Davidson ("Plaintiff" or "Mr. Davidson"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Defendant Duke University ("Defendant" or "Duke"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

2. This Court has jurisdiction over the parties of this action because the employment practices described herein took place in Durham County, North Carolina.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Plaintiff received his Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed. *Exhibit 1*.

### II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of North Carolina.

6. Defendant is private university located in Durham, NC.

7. Defendant may be served through its Registered Agent, Ms. Pamela J. Bernard, located at 310 Blackwell Street, 4th Floor, Durham, NC 27701. Ms. Bernard is also the General Counsel for Defendant.

8. Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

9. Defendant is subject to the requirements of the ADA.

### III. FACTUAL ALLEGATIONS

10. Mr. Davidson worked for Duke as a Patient Advocate.

11. In 2015, Mr. Davidson was diagnosed with Parkinson's disease.

12. Mr. Davidson's disability substantially limited his ability to keep track of deadlines and remember projects.

13. In July 2018, Mr. Davidson notified Duke that he would need an accommodation for this limitation.

14. He requested that Duke modify his case management system (maintained in an Excel Spreadsheet) to account for his memory issues.

15. He also asked that his supervisor send all deadlines by calendar invite on Outlook.

16. Duke rejected the first accommodation as unreasonable but provided a one-day class in Excel.

17. Duke agreed that Mr. Davidson's supervisor, Dr. Sanne Henninger, would provide to Mr. Davidson by Outlook calendar invite.

18. Mr. Davidson informed Duke on several occasions that the accommodations provided were insufficient and that he would need more assistance meeting his deadlines due to his

disability.

19. Mr. Davidson also informed Duke that Dr. Henninger was inconsistent about sending reminders.

20. Duke did not provide or propose any additional accommodations to address the job-related limitation caused by Mr. Davidson's disability.

21. Additional accommodations could have included, but are not limited to, additional time to complete lower priority projects.

22. On or about February 8, 2019, Duke terminated Mr. Davidson.

23. The reason, according to Dr. Henninger, is that he forgot to update a patient call log after agreeing to do so.

24. In fact, Mr. Davidson had updated the patient call log with patient information and completed projects.

25. Upon information and belief, Duke replaced Mr. Davidson with an individual who does not have a disability.

## IV. CLAIM FOR RELIEF

### COUNT I

### ADA DISCRIMINATION

26. Plaintiff incorporates by reference paragraphs 1-25 of his Complaint as if fully set forth herein.

27. Plaintiff was a qualified employee with a disability under the ADA.

28. Defendant terminated Plaintiff, which constitutes an adverse action.

29. The circumstances of Plaintiff's termination serve as evidence that the adverse action was discriminatory on the basis of Plaintiff's disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the ADA; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 12th day of November, 2020.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 12th day of November, 2020.

                           THE KIRBY G. SMITH LAW FIRM, LLC

                           s/Alexander C. Kelly
                           Alexander C. Kelly
                           North Carolina Bar No. 49308
                           *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com